DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Kevin E. Carte has appealed his sentence in the Summit County Common Pleas Court. This Court reverses and remands for further proceedings consistent with this decision.
 I.
On April 19, 1999, Defendant pled guilty to one count of sexual battery, a third degree felony in violation of R.C. 2907.03, and one count of corruption of a minor, a fourth degree felony in violation of R.C. 2907.04. The trial court merged the counts and sentenced him to the maximum of five years incarceration for sexual battery. Defendant appealed, and this Court reversed and remanded, holding that the trial court erred in imposing the maximum sentence because the sentencing decision failed to meet the statutory requirements. State v. Carte (July 5, 2000), Summit App. No. 19659, unreported, at 4. On August 21, 2000, the trial court resentenced Defendant. He timely appealed, asserting one assignment of error.
 II. The [trial] court improperly sentenced Defendant because [it] failed to address Defendant personally and ask if he wished to make a statement in (sic) his own behalf or present any information in mitigation of punishment in violation of [Crim.R. 32(A)(1)].
In his sole assignment of error, Defendant has argued that the trial court erred when it failed to provide him an opportunity for allocution upon resentencing. This Court agrees.
Crim.R. 32(A)(1) provides that "[a]t the time of imposing sentence, the court shall * * * address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." Moreover, the Ohio Supreme Court has recently determined that Crim.R. 32(A)(1) confers an absolute right of allocution. See State v. Campbell (2000), 90 Ohio St.3d 320,324-325; see, also, State v. Green (2000), 90 Ohio St.3d 352, 358-359.
 [A] trial court must address the defendant personally and ask whether he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
Campbell, 90 Ohio St.3d at 323. Furthermore, this Court recently held inState v. Harper (Jan. 10, 2001), Summit App. 20122, unreported, at 5, that upon remand for resentencing, a trial court must again personally address a criminal defendant and afford him or her the opportunity to make a statement and present information in mitigation of punishment.
In the instant case, the trial court failed to meet this obligation. The transcript of the resentencing hearing reveals that the trial court failed to address Defendant personally and ask whether he wanted to make a statement in his own behalf or present any information in mitigation of punishment. As a result, Defendant's absolute right to allocution was violated. See Harper, supra, at 5. His assignment of error is well taken.
 III.
Defendant's sole assignment of error is overruled. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ BETH WHITMORE
BAIRD, P. J., CARR, J., CONCUR.